WILLIAM F. PORTANOVA, SBN 281364
400 Capitol Mall, Suite 1100
Sacramento, CA 95819
Telephone: (916) 444-7900
wfp@portanova.com

Attorney for Defendant
CARLOS VERA LA CRUZ

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CARLOS VERA LA CRUZ,<br><br>  Defendant. | CASE NO. 2:24-cr-00091-DC<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br><br>Date:  February 6, 2026<br>Time:  9:30 a.m.<br>Court:  Hon. Dena Coggins |

Defendant, CARLOS VERA LA CRUZ, by and through his undersigned counsel, and Plaintiff United States of America, by and through its undersigned counsel, hereby stipulate as follows:

1.      By previous order, this matter was set for status on February 6, 2026

2.      By this stipulation, defendant now moves to continue the status conference until February 27, 2026 and to exclude time between February 6, 2026 and February 27, 2026, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes over 900 items of discovery to the defense, which includes reports, videos, photos, excel spreadsheets, and other documents. All of this discovery has been either

1

STIPULATION & ORDER CONTINUING STATUS CONFERENCE

produced directly to counsel and/or made available for inspection and copying.

b)      The parties are currently engaged in plea negotiations, and anticipate that if granted the requested continuance, should be able to execute a plea agreement and convert the next hearing to a change of plea hearing.

c)      The United States extended a plea offer in this case to the defendant on December 17, 2025.  Defense counsel is the process of properly advising the defendant as to the terms and likely impacts of that plea agreement on potential sentencing. Due to the defendant's residence in Miami, Florida and the need to coordinate a translator to provide counsel, the process of properly advising the defendant has taken more time than usual.

d)      Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with his client, and to otherwise prepare for trial.  Additionally, defense counsel requires a short continuance to fully prepare the defendant for entering into a plea.

e)      Defense counsel is CJA-appointed.  Allowing a short continuance would avoid costly unnecessary travel for the defendant from Miami, Florida to the Eastern District.

f)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g)      The government does not object to the continuance.

h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 6, 2026 to February 27, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§

STIPULATION & ORDER CONTINUING STATUS
CONFERENCE AND EXCLUDING TIME          2

3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

//

//

Dated:  January 28, 2026                    */s/ William F. Portanova*

                                            _____
                                            WILLIAM F. PORTANOVA
                                            Attorney for Defendant
                                            CARLOS VERA LA CRUZ

Dated: January 28, 2026                     ERIC GRANT
                                            United States Attorney

                                            */s/ Elliot Wong*

                            By:   _____
                                            ELLIOT WONG
                                            Assistant United States Attorney
                                            (Per email authorization)

STIPULATION & ORDER CONTINUING STATUS
CONFERENCE AND EXCLUDING TIME              3

**ORDER**

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on January 29, 2026 (Doc. No. 68), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for February 6, 2026, is VACATED and RESET for February 27, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between February 6, 2026 and February 27, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **January 29, 2026**

Dena Coggins
United States District Judge

STIPULATION & ORDER CONTINUING STATUS
CONFERENCE AND EXCLUDING TIME                4